STATE OF WEST VIRGINIA

FILED

February 3, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PRESTON HEALTHCARE SERVICES, LLC,**
Employer Below, Petitioner

**vs.)   No. 14-0337** (BOR Appeal No. 2048484)
           (Claim No. 2011023051)

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER,**
Commissioner Below, Respondent

**and**

**BRADLEY S. SAVAGE,**
Claimant Below, Respondent

**and**

**ROBERT GOODWIN JR., D/B/A GOODWIN CONSTRUCTION**
Employer Below, Respondent

## MEMORANDUM DECISION

Petitioner Preston Healthcare Services, LLC, by Henry C. Bowen and Jon Jacks, its attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Bradley S. Savage, by Christopher J. Wallace, his attorney, and Robert Goodwin Jr., d/b/a Goodwin Construction, by Mark E. Gaydos, Buddy Turner, and Cody E. Nett, his attorneys, filed timely responses.

This appeal arises from the Board of Review's Final Order dated March 6, 2014, in which the Board reversed a June 10, 2013, Order of the Workers' Compensation Office of Judges and held that Mr. Savage was an employee of Preston Healthcare Services, LLC. In its Order, the Office of Judges reversed the claims administrator's January 13, 2011, decision which held the claim conditionally eligible for further administration in the Uninsured Employer's Fund. The Office of Judges held that Mr. Savage was an independent contractor. The Court has

carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon erroneous conclusions of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Savage, a carpenter, fractured his left ankle, pelvis, and L3 vertebra on October 26, 2010, when he fell off of a roof. The issue in this case is whether Mr. Savage was operating as an independent contractor at the time of his injury or whether he was an employee. If he was an employee, the issue then becomes who the chargeable employer is. Mr. Savage asserts that, at the time of his accident, he was an employee of Robin and Robert Goodwin, owners of Preston Healthcare Services, LLC, and Goodwin Construction. The claims administrator held on January 13, 2011, that the claim was conditionally eligible for further administrator in the Uninsured Employers' Fund.

The Office of Judges reversed the claims administrator's decision and held that Mr. Savage was an independent contractor at the time of his accident in its June 10, 2013, Order. It found that Mr. Savage testified in a deposition about his past work experience and asserted that he is a master carpenter and a self-employed contractor. He had performed contract work previously for the Goodwins on their personal residence. Mr. Savage did not provide any tax records regarding his work life. The Office of Judges found that Mr. Savage asserted that he believed he was an employee of Goodwin Construction on the day of his injury. However, the Office of Judges discovered that affidavits in the record contradict his assertion. Specifically, Jennifer Holehouse, an employee of Preston Healthcare Services, LLC, stated that Mr. Savage informed her in a casual conversation that he was an independent contractor. Sandra Calvert, another employee of Preston Healthcare Services, LLC, also stated that Mr. Savage informed her he was a contractor when he introduced himself.

The Office of Judges found that Mr. Savage failed to prove that Goodwin Construction had any employees after 2009. The workers' compensation coverage was cancelled by Mrs. Goodwin after Mr. Goodwin was electrocuted in an accident and was no longer capable of maintaining a crew. Mrs. Goodwin testified that she maintained the construction business so Mr. Goodwin could work on small projects without employees, and she is the licensee. The Office of Judges determined that this was supported by Goodwin Construction's Federal Tax Forms which show it had no employees in 2010. It was noted that the testimony on Mr. Savage's behalf consisted of that of himself and his parents. The testimony on behalf of the Goodwins consists of their own testimony as well as the testimony of employees and patients of Preston Healthcare Services, LLC. The Office of Judges concluded that there was no evidence of record that any of the traditional employee documents such as a W2 or W4 were produced. There was also no evidence found that Mr. Savage was covered under Preston Healthcare Services, LLC,'s

workers' compensation or unemployment compensation. While Mr. Savage testified that he was paid by checks and cash, the Office of Judges discovered that the only check in the record payable to him was from Preston Healthcare Services, LLC, for $250, and was issued after the injury. The Office of Judges determined that if Mr. Savage worked for ten hours a day, six days a week, at $13 an hour as he asserted in his deposition, the check would have been for a much larger amount. The Office of Judges found that Mr. Savage has a history as a self-employed contractor and has advertised himself as such in newspapers and to other people. It was found that he brought his half-brother, Carl Oltman, to assist him in the project and was responsible for paying him out of his own earnings. Mr. Savage acknowledged in his deposition that he used some power tools belonging to Mr. Goodwin as well as his own tools. Mr. Goodwin asserted that some of his tools were on site, but he did not give any to Mr. Savage to use.

The Office of Judges relied on *Robertson v. Morris*, 209 W. Va. 288, 546 S.E.2d 770 (2001) to find that the deciding factor of whether an individual is an employee or independent contractor is whether the hiring party retains the right to control and supervise the work to be done. A hiring party can retain a broad general right of control over a party without establishing an employer/employee relationship. For instance, an employer can maintain broad supervision powers, inspect, stop work, make suggestions or recommendations as to details of the work, and prescribe alterations or deviations without changing the relationship. In the instant case, the Office of Judges found that Mr. Savage admitted that he stayed at work until a task was complete. Notably, the Office of Judges determined that Mr. Goodwin was not even present when Mr. Savage was injured. Mr. Savage asserted in his testimony that he had no dealings with Mrs. Goodwin, so the Office of Judges found she obviously was not controlling his work either. The Office of Judges therefore found that neither Mr. nor Mrs. Goodwin exercised control over the project beyond insuring that it progressed satisfactorily.

The Office of Judges held that the reasonable interpretation of the facts is that Mr. Savage, as was his general practice, was operating independently to complete the project for a set fee. He had the skills to perform independent labor and held himself out to be an independent worker both before and after the October 26, 2010, accident. He also held himself out to have a contractor's license. The Office of Judges determined that Goodwin Construction had no employees since 2009, and it was illogical to conclude that they would suddenly hire one. The more plausible explanation was determined to be that Mr. Savage was hired as an independent contractor. The Office of Judges noted that he has produced no documentation to corroborate his position that he was an employee, and the presumption that he was an employee was rebutted by the written evidence and witness testimony.

The Board of Review reversed the Office of Judges' Order and held that Mr. Savage was an employee of Preston Healthcare Services, LLC, on March 6, 2014. It noted that per West Virginia Code of State Rules § 85-8-6.2 (2008), the burden of proof is on the party asserting independent contractor status. In order to be an independent contractor, the individual must hold himself out as being in business for himself. Factors such as the possession of a license, past history of contractor work, and the right to solicit business from different people while performing the work are all considered. The individual must also have control over the time when the work is being performed, and the work schedule cannot be dictated by the person for

whom they are working. The individual must retain control over the means and manner of performance of the work, but the mere fact that the hiring party checks on the status of the work or monitors the work for legal compliance does not constitute supervision. The individual must also not be required to work for the hiring person exclusively. Lastly, the individual must provide the most significant equipment required to perform the job.

The Board of Review found that Mr. Savage did not have a contractors' or business license. It also determined that Mr. Goodwin provided ongoing supervision. Mr. Goodwin testified in a deposition that he was in and out of the building site every day. The Board of Review found that Mr. Savage testified he met with Mr. Goodwin every morning, and Mr. Goodwin told him what he wanted done and how he wanted it done. Mr. Goodwin told him where windows and doors went and how the eave was to be built on the roof. Mr. Savage asserted that Mr. Goodwin did not like how the rafters were braced and made him redo them. The Board of Review also found that Mr. Savage testified that Mr. Goodwin was cutting metal for the roof and handing it up to him on the day of the injury. The Board of Review concluded that the Goodwins provided the most significant equipment required to perform the job, and Mr. Savage only supplied his own tool belt. Mrs. Goodwin testified that she owned the tools on the job site, and Mr. Goodwin stated that his personal tools were on the site, and Mr. Savage used some of them. Additionally, Mr. Goodwin stated that he ordered the materials that were used. The Board of Review therefore found that the employer failed to establish all of the criteria set forth in West Virginia Code of State Rules § 85-8-6.2.

The Board of Review determined that Preston Healthcare Services, LLC, was the proper chargeable employer in this claim. Mrs. Goodwin testified that she is the administrator of Preston Healthcare Services, LLC. She also stated that she is a partner in Goodwin Construction and has her own contractor's license. She and Mr. Goodwin own the land upon which Preston Healthcare Services, LLC, is located. She asserted that she hired Mr. Savage as a contractor for Preston Healthcare Services, LLC, to finish her office space. She also admitted that she bought the materials for the building. Mrs. Goodwin testified that she wrote a check payable to Mr. Savage in the amount of $250 because she owed him the money. The Board of Review noted that the check was drawn on an account belonging to Preston Healthcare Services, LLC.

On appeal, Preston Healthcare Services, LLC, argues that the Board of Review's decision was based upon a small and questionable part of the evidentiary record. It also argues that the Board of Review's reasoning is unjustified, unclear, and lacking in specificity. It asserts that Mr. Savage held himself out to be an independent contractor and, even if he was not an independent contractor, he was not an employee of Preston Healthcare Services, LLC, as he repeatedly testified. Mr. Savage argues that the burden of proof rests on the employer to show that he was an independent contractor. He states that the equipment and materials required to complete the job were all provided by the Goodwins, there was no contract signed indicating that Mr. Savage was an independent contractor, he had no independent contractor's license, he was paid hourly, and the Goodwins controlled the means and manner of the work. Goodwin Construction argues that the Board of Review was correct in its determination that Mr. Savage was not an employee of Goodwin Construction; however, it erred in finding that he was not an independent contractor.

After review, we find that the Board of Review's decision is the result of erroneous conclusions of law. Preston Healthcare Services, LLC, is a medical facility and all of its employees, aside from Mr. Goodwin, are medical professionals. Mr. Goodwin provides maintenance support for the facility. Mrs. Goodwin testified that when they met, Mr. Savage told her he was an independent contractor with a license. He also told employees and a patient at Preston Healthcare Services, LLC, that he was an independent contractor. In fact, he solicited business from Felicia Renee Krogan, a patient, while he was working on the Preston Healthcare Services, LLC, project and stated to her that he was an independent contractor. He had an appointment to provide her an estimate for a project at her residence before he was injured. Further, Mr. Savage provided Mr. Goodwin with a business card that had his name and contractor's license number on it. Mr. Savage clearly held himself out to be an independent contractor and was not barred from securing additional jobs while he worked for the Goodwins.

Mr. Savage testified that he worked until he was done with whatever he was working on that day. He had no set hours. Neither Mr. nor Mrs. Goodwin exercised control over the manner and means of his work. Mr. Savage testified that he did not have dealings with Mrs. Goodwin while he was working, so she could have had no control over the means and manner of the work. Mr. Goodwin admittedly did check on Mr. Savage's progress from time to time, asked him to redo a part of the rafters, and made suggestions as to some of the details of the project. However, as stated in *Morris*, 209 W. Va. 288, 546 S.E.2d 770, a hiring party can maintain broad supervision powers, inspect, stop work, make suggestions or recommendations as to details of the work, and prescribe alterations or deviations without changing the relationship from an independent contractor to that of an employer/employee. Mr. Savage brought his own tool belt to the job site, this included a hammer, ruler, chalk block, and other hand tools. Mr. Goodwin testified that while his personal tools were on the job site, Mr. Savage was not instructed or given permission to use them.

The evidentiary record indicates that Mr. Savage was an independent contractor hired by Mrs. Goodwin to complete one project for the flat sum of $1,000. The Office of Judges committed no reversible error in holding that he was an independent contractor rather than an employee. The Court notes that the majority of this case rests on witness testimony. The only people to testify on behalf of Mr. Savage were himself and his parents. Mr. Savage testified that he was not an employee of Preston Healthcare Services, LLC. The testimony on behalf of the Goodwins consists of their own testimony as well as that of employees and patients at Preston Healthcare Services, LLC. The Office of Judges was correct to find their testimony to be more reliable than that of Mr. Savage and his parents. It should also be noted that the check made out to Mr. Savage from Preston Healthcare Services, LLC, indicates it was for "Contract Work on Building – WV801487". WV801487 is Mr. Savage's old independent contractor's license number and was the same number listed on the business card he gave to Mr. Goodwin. Mr. Savage was an independent contractor at the time of his accident and neither Preston Healthcare Services, LLC, nor Goodwin Construction are chargeable employers.

For the foregoing reasons, we find that the decision of the Board of Review is based upon erroneous conclusions of law. Therefore, the decision of the Board of Review is reversed and remanded with instructions to reinstate the June 10, 2013, Order of the Office of Judges.

Reversed and remanded.

**ISSUED:  February 3, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II